The **WEALDEN CORPORATION** and Edward G. Uhl, Plaintiffs-Appellees,

v.

Joseph J. SCHWEY, et al., Defendants-Appellants.

No. 72–3049

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 26, 1973.

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Daniel Neal Heller, Judith S. Waldman, Miami, Fla., for defendants-appellants.

Sidney A. Stubbs, Jr., West Palm Beach, Fla., Gunster, Yoakley, Criser, Stewart & Hersey, Palm Beach, Fla., for plaintiffs-appellees.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

This is a diversity action in which plaintiffs-appellees seek damages for alleged negligence and fraud in connection with appellants' maintenance and development of appellees' citrus groves. The court below found that appellees suffered losses due to appellants' fraudulent misrepresentations and ordered that appellants return a portion of the money paid by plaintiffs. We affirm.

During the period 1963–70 appellees purchased citrus groves that appellants undertook to improve, maintain and operate; they also purchased undeveloped land that defendants undertook to develop into citrus groves. Specifically, Wealden Corporation (Wealden) purchased groves denominated 10A and 10B and an undeveloped tract called the "580." Wealden, Uhl and the Schweys together bought a tract known as the "1150" and later divided it among themselves.

The arrangement seems to have progressed satisfactorily until 1970, when appellees became dissatisfied with the return on their investment and decided to investigate. They found, and the trial court agreed, that their groves were in a poor state of horticultural upkeep. While the Schweys had been submitting invoices for the promised services, those services were not properly performed for at least six months of 1970. The trial court found that appellees had paid the Schweys a double fee for the use of certain equipment, a bill for twice the "dragline" services actually performed, and the cost of more than 16,000 trees that were never planted.

Because appellees' invoices represented these services had been performed properly and fully, the trial court found the invoices to be fraudulent misrepresentations. As a remedy the trial court ordered the Schweys to refund the fraction of appellees' payments that corresponded to the amount of work left undone. For example, the court found that appellants in effect performed no maintenance on the groves during six months of 1970 and accordingly ordered defendants to refund half the maintenance fees paid in that year.

Appellants advance four points of error. In the first category are two errors of factual determination to which we must apply the "clearly erroneous" standard. Here appellants claim there is no proof of justifiable reliance by Wealden and Uhl, which is a necessary element of fraud in Florida. Likewise he believes that the trial court made gross errors in its computation of the losses suffered by appellees. On both points we cannot say that the trial court was clearly erroneous, and therefore we must uphold its determination.

Appellants allege two errors of law as well. First they contend that the trial court erred in overruling their Rule 41(b) motion to dismiss at the conclusion of appellees' evidence. They maintain that at that point there was no showing of a standard of care or measure of damages. Even if their assessment of the evidence is correct, they cannot at this point ask for a review of the evidence as it stood when plaintiff closed the presentation of his evidence.

Under Rule 41(b) of the Federal Rules of Civil Procedure the trial judge has the option of weighing the evidence and rendering judgment against the plaintiff or declining to render judgment until the close of all the evidence. *See* Smith Petroleum Service Inc. v. Monsanto Chemical Co., 5th Cir. 1970, 420 F.2d 1103. In this case the trial judge chose to postpone his decision until the close of all the evidence, thus denying appellants' Rule 41(b) motion for

involuntary dismissal. If defendants wished to challenge this decision, their avenue for so doing was to refuse to offer their evidence, accept a judgment for plaintiffs, and appeal it on the ground that plaintiffs' evidence was insufficient. Instead they chose to proceed with their case and offer evidence, waiving the right to appeal any error in the trial court's overruling of their 41(b) motion. 9 Wright & Miller, Federal Practice and Procedure: Civil § 2371 at 221 (1971). Appellees renewed their motion to dismiss under Rule 41(b) at the close of all the evidence, but renewal does not entitle them to a review of appellants' evidence as it stood when the first motion was made. On the contrary, the trial court is entitled to take into consideration all the evidence presented before and after the initial motion. *See* A. & N. Club v. Great American Insurance Company, 6th Cir. 1968, 404 F.2d 100, 103.

■ The second error of law advanced is that the trial court incorrectly allowed appellees to amend their pleadings at trial while denying that privilege to appellants. This contention is without merit. Appellees were allowed merely to correct Wealden's corporate name in the pleadings by changing it to "the Wealden Company" from "the Wealden Corporation." Surely the liberal amendment policy expressed in Rule 15 of the Federal Rules of Civil Procedure allows a party to correct his name.

■ Appellants complain that the trial court should have granted their motions made at trial to make an amendment that would change the basis of their counterclaim from contract for services for a set fee to either quantum meruit or contract to perform for a "reasonable sum". The trial court denied the motions on the ground that the new theories would require a new area of proof. Under Rule 15 the trial court is required to allow amendments when "justice so requires", but he may refuse for reasons of undue delay or prejudice to the opposing party. See Foman v. Davis, 1962,

371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222. This court has said:

> In these times of log-jammed trial dockets, a trial judge must exercise sound discretion in deciding motions for leave to amend. His decision must weigh good cause shown for the delay in moving, *vis a vis* dilatoriness of counsel resulting in last minute surprise and inability of opposing counsel to meet the tendered issue. Nevels v. Ford Motor Co., 5th Cir. 1971, 439 F.2d 251, 257.

In this case the trial judge did not abuse his discretion in denying appellants the chance to change counterclaim theories.

Affirmed.