Kenneth L. DUVAL, and Cheryl Duval, on behalf of themselves and all other Nebraska residents similarly situated, Jerry K. Mason and Linda L. Mason, Appellees,

v.

MIDWEST AUTO CITY, INC., a corporation, Appellant, Dave Studna, Individually, Dave Studna d/b/a E & J Motor Sales, American Truck Sales, Global Tank Trailer Sales, and D. Studna Auto Sales, Ervin Delp, Individually, Appellant, Midwest Auto City, Inc., and Ervin Delp d/b/a Tecumseh Motors and Bernard Flaherty.

No. 77–1910.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1978.

Decided June 12, 1978.

Herbert J. Friedman, Lincoln, Neb., on briefs for appellant.

Alan L. Plessman, Lincoln, Neb., on brief for appellees.

Before BRIGHT and ROSS, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

* The Honorable TALBOT SMITH, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

ROSS, Circuit Judge.

Midwest Auto City, Inc. (Midwest) sells automobiles in Lincoln, Nebraska. In 1975 Midwest sold to each of the plaintiffs, the Duvals and the Masons, a used car which had had its odometer rolled back to give the impression that the car was a low-mileage vehicle when in fact its true mileage was much higher. Alleging that they had been victimized by conduct made unlawful under Title IV of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981 *et seq.*, plaintiffs commenced this suit. They sought to recover treble damages together with the costs of the action and an award of attorney fees, all as provided in 15 U.S.C. § 1989.

Following a bench trial the district court entered findings of fact and conclusions of law holding the defendants liable to both plaintiffs. A hearing was later held to determine the amount of attorney fees and costs, and an award was entered.

Plaintiffs' complaint had named as defendants, in addition to Midwest, several other individuals and entities, including Midwest's president Ervin Delp; only Midwest and Delp have appealed. Together they assert that the trial judge (1) erred in failing to grant judgment of dismissal at the close of the plaintiffs' case, (2) erred in certain of his findings of fact and conclusions of law, and (3) abused his discretion in making the award of attorney fees. We affirm the judgment of the district court.

The facts of the case are fully and accurately set out in the district court's reported opinion[1] and will be reiterated here only where necessary to discuss the issues presented by this appeal.

## I.

During their case in chief, plaintiffs introduced evidence tending to show that Midwest and Delp were part of a scheme whereby Midwest would buy high-mileage vehicles with low-mileage odometer readings from a car dealer in Kansas. Midwest in turn would resell these cars as low-mile-

age vehicles. The district court described the workings of this arrangement as follows:

Two paths predominated. One would begin with the purchase of a car in Kansas, the certificate of title showing high mileage, whereupon the car would be sent to Bennie Motors in Missouri and titled there, where the state law does not require a mileage certification, and then the car would be transported to Nebraska for sale. * * * The other path consisted of the purchase of an automobile in Kansas and sending the car to Nebraska for sale with a copy of the certificate of title sufficiently mutilated by erasure or ink smudge to render the high-mileage odometer reading illegible, thus obscuring to a potential purchaser the fact that the odometer itself had been turned back.

*Duval v. Midwest Auto City, Inc.,* 425 F.Supp. 1381, 1385 (D.Neb.1977).

At the close of the plaintiffs' case, defendants moved for involuntary dismissal under Fed.R.Civ.P. 41(b) on the ground that the plaintiffs' evidence was insufficient to show a right to relief. Ruling on this motion was reserved and defendants proceeded to their proof. On appeal, defendants argue essentially that liability could be established against Midwest and Delp only by considering evidence of the market value of the various automobiles as high-mileage and as low-mileage cars. Only by correlating these values with the prices actually paid by Midwest, and the prices actually charged on resale, could it be determined whether Midwest was a participant in, or itself a victim of, the alleged scheme. Evidence of market value was introduced only during the defendants' presentation. Thus, defendants argue, the district court erred in failing to grant their motion for dismissal. This argument is stated in defendants' brief as follows:

The trial court forced the defendants to proceed with their case without ruling on the motion to dismiss and then allowed the plaintiffs to bootstrap their faulty case with evidence adduced by the de-

---

1. *Duval v. Midwest Auto City, Inc.,* 425 F.Supp. 1381 (D.Neb.1977).

fendants. The court should not have permitted this and should have dismissed the plaintiffs' case pursuant to the motion of the defendants.

■ Under the circumstances here presented, defendants are foreclosed from raising any issue concerning the sufficiency of the evidence as it stood at the close of plaintiffs' case. If a defendant, after moving for involuntary dismissal at the close of the plaintiff's case, introduces evidence in his own behalf, his right to a judgment of dismissal is thereby waived. *See, e. g., Wealden Corp. v. Schwey,* 482 F.2d 550, 551–52 (5th Cir. 1973); *A. & N. Club v. Great American Insurance Co.,* 404 F.2d 100, 103–04 (6th Cir. 1968); 9 Wright & Miller, Federal Practice & Procedure § 2371, at 221 (1971). In such situations the sufficiency of the evidence is tested on appeal by viewing the entire record, reversal being warranted only if the district court's findings are clearly erroneous.

■ This conclusion is not altered by the fact that the trial judge reserved ruling on the motion when made. Rule 41(b) expressly authorizes the ruling to be so reserved. The judge did not thereby "force" defendants to do anything. "If defendants wished to challenge this decision, their avenue for doing so was to refuse to offer their evidence, accept a judgment for plaintiffs, and appeal it on the ground that plaintiffs' evidence was insufficient." *Wealden Corp. v. Schwey, supra,* 482 F.2d at 552.

## II.

■ On the issue of liability the district court concluded that both Midwest and Delp had violated 15 U.S.C. § 1986 by conspiring with the other named defendants to violate other sections of the Act, including 15 U.S.C. § 1984, which provides:

> No person shall disconnect, reset, or alter or cause to be disconnected, reset, or altered, the odometer of any motor vehicle with intent to change the number of miles indicated thereon.

Finding sufficient evidence to conclude that Midwest and Delp were part of a conspiracy to violate this section, and that the vehicles of both plaintiffs fell within the ambit of the conspiracy, the judgment of the district court is, on this basis, affirmed.[2]

■ As an additional basis of liability the district court found that Delp violated 15 U.S.C. § 1988, which states in pertinent part:

> (a) Not later than 90 days after October 20, 1972, the Secretary [of Transportation] shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:
>
> (1) Disclosure of the cumulative mileage registered on the odometer.
>
> (2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

The district court found that Delp violated this section by failing to furnish the plaintiffs with the required statement disclosing that the true mileage of the vehicles was unknown. We disagree with this holding of the district court.[3] As the above-quoted statutory language makes plain, liability is imposed upon a transferor who fails to make the required disclosure to a transferee "in connection with the transfer of

---

**2.** Defendants do not seriously contend that the record as a whole fails to support the district court's findings on this particular issue; indeed, defense counsel candidly acknowledged at oral argument that there never was any question that the odometers had in fact been tampered with. Instead, defendants' primary argument was that discussed in section I of this opinion, *i. e.* that the evidence necessary to establish a conspiracy was introduced during the defendants' presentation.

**3.** In view of our holding that the district court correctly found that Delp violated 15 U.S.C. § 1986, our conclusion that he did not also violate 15 U.S.C. § 1988 does not affect the outcome of this appeal. However, the issue presents a question of first impression in this circuit concerning the scope of liability under this statute and we deem the question to be one of sufficient significance to warrant brief discussion.

ownership of a motor vehicle." In the implementing rules prescribed by the Secretary of Transportation, "transferor" is defined as "any person who transfers *his ownership* in a motor vehicle." 49 C.F.R. § 580.3 (emphasis added). No liability could attach to Delp under this section since, with respect to each plaintiff, the owner of the vehicle, and thus its transferor, was Midwest, not Delp. *See Romans v. Swets Motors, Inc.,* 428 F.Supp. 106, 107–08 (E.D.Wis. 1977) (corporate manager not a transferor); *Coulbourne v. Rollins Auto Leasing Corp.,* 392 F.Supp. 1198, 1199–1200 (D.Del.1975) (corporate sales agent not a transferor).

### III.

Following trial, a separate hearing was held to determine the amount of costs and reasonable attorney fees as provided for in 15 U.S.C. § 1989(a) of the Act.[4] Upon consideration of the evidence presented and the briefs of counsel, Judge Urbom awarded plaintiffs attorney fees in the amount of $14,205.65. In making this award the court applied the guidelines recommended in the American Bar Association's Code of Professional Responsibility, Disciplinary Rule 2–106.[5] Those guidelines have frequently been approved by this court as a standard for determining reasonable attorney fees.[6]

On appeal defendants concede the appropriateness of the factors considered by Judge Urbom and likewise agree that this court should accept the district court's judgment except upon a showing of an abuse of discretion. Arguing that such an abuse occurred in this case, defendants assert (1) that the Duvals were not awarded damages and such fact should have reduced the amount of attorney fees, and (2) that the award is greatly in excess of the amount of damages and is, for that reason, patently unreasonable. We reject both arguments.

### A.

■ Upon finding that the defendants had violated the Act in connection with the sale of the Duval automobile, Judge Urbom concluded that the Duvals were entitled to recover as damages the difference between the amount they had paid for the car and the fair market retail value of the same car with the number of miles it had actually traveled. This amount was determined to be $247 which, if tripled, is less than the $1500 minimum provided in 15 U.S.C. § 1989(a)(1). Therefore, the court determined that the Duvals were entitled to

---

**4.** 15 U.S.C. § 1989(a) provides:

(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

**5.** DR 2–106(B) states in part:

Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

**6.** A detailed analysis of the factors listed in DR 2–106 was articulated by the court in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974). That court's discussion has been cited with approval in this circuit on a number of occasions. *See, e. g., Allen v. Amalgamated Transit Union Local 788,* 554 F.2d 876, 884 (8th Cir.), *cert. denied,* 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977); *Firefighters Institute for Racial Equality v. City of St. Louis,* 549 F.2d 506, 516 (8th Cir.), *cert. denied,* 434 U.S. 819, 98 S.Ct. 60, 54 L.Ed.2d 76 (1977).

recover $1500. However, as a result of an earlier settlement between themselves and another defendant, the Duvals had actually received $2500. Because this amount exceeded the total amount of recovery, the court concluded that the Duvals were entitled to no more, except attorney fees and costs.

Under the circumstances of this case, we conclude that the above-described settlement does not require a reduction in the total amount of attorney fees awarded. Following the settlement the case proceeded to trial against the remaining defendants on the claims of both the Duvals and the Masons. Violations were proved against all defendants and their individual liability to each plaintiff thereby established. The extent of the preparation required to establish this liability was commented upon by Judge Urbom as follows:

> Over two hundred separate automobile transactions between the parties were investigated in detail by the plaintiffs' counsel, although many less than that were detailed at the trial. Nonetheless, the fact is that the patterns developed by extensive documentation of similar automobile transactions between Midwest Auto City, Inc., David Studna, and Bennie Studna formed the strongest evidence of a conspiracy between those persons and knowledge on the part of Midwest Auto City, Inc. and Ervin Delp that the odometers of the plaintiffs' automobiles had been altered. * * *
>
> It cannot be doubted that massive investigation preparatory to the trial was necessary if any reasonable likelihood of success was to be realized.

We agree with the district court's assessment of the work required of plaintiffs' counsel to adequately prepare this case for trial. We also conclude that the nature of the case was such that, to be successful, the same preparation was required whether there was one plaintiff or two or more. Defendants apparently made no attempt in the court below, and have made none here, to show that any significant portion of the total work product specifically attributable to the Duvals' claim was performed by the plaintiffs' attorney after the settlement of the Duval claim, which work would not have been performed had the case proceeded only on the Masons' claim. Accordingly, we hold that defendants have failed to present any factual basis for concluding that the district court abused his discretion in calculating the amount of attorney fees.

**B.**

The combined statutory damages found by the district court to be recoverable by the two plaintiffs was $3,960; the attorney fees awarded amounted to over $14,000. Defendants insist that the disparity between these two figures makes the latter award unjust. We disagree.

By its enactment of Title IV of the Motor Vehicle Information and Cost Savings Act, Congress sought to "establish a national policy against odometer tampering and prevent consumers from being victimized by such abuses." S.Rep. No. 92–413, 92d Cong., 2d Sess., 3 U.S.Code Cong. & Admin. News, pp. 3960, 3962 (1972). This policy is carried over in 15 U.S.C. § 1981, which states: "[i]t is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers * * *."

To accomplish its remedial purposes the Act provides in 15 U.S.C. § 1989 for the recovery of treble damages or $1500, whichever is the greater. The same section makes recovery of reasonable attorney fees a mandatory feature of a defendant's liability upon proof of a violation. *See* 15 U.S.C. § 1989(a), *quoted in* note 4 *supra.* We agree with the district court's observation that these provisions are a response to legislative recognition that, as a practical matter, "in many situations, the amount of damage under the Act will be so small that few attorneys will pursue his client's case with diligence unless the amount of the fee be proportionate to the actual work required, rather than the amount involved."

In rejecting defendants' argument, we do not minimize the significance of the amount of recovery as a factor in determining the reasonable value of an attorney's services. That factor, however, must be placed alongside the others, and all must be placed in the context of a concrete case. We hold that where, as here, a remedial statute requires the awarding of attorney fees as an element of recovery, a showing that the trial court's award exceeds the amount of damages does not, standing alone, amount to an abuse of discretion.

The judgment of the district court is affirmed.