**FLEET INVESTMENT CO., INC.,**
**Plaintiff-Appellee,**

v.

**Stanley ROGERS, Defendant-Appellant.**

**Nos. 78–1735, 78–2018.**

United States Court of Appeals,
Tenth Circuit.

Argued April 16, 1980.
Decided May 5, 1980.

John McKee of Jopling, Blankenship & McKee, Oklahoma City, Okl., for defendant-appellant.

Gene A. Castleberry of Benefield, Travis, Russell & Freede, Oklahoma City, Okl., William G. Jenkins, Seattle, Wash., on the brief, for plaintiff-appellee.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

Plaintiff Fleet Investment Co., Inc., brought an action for a violation of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981 to 1991, which creates liability for tampering with an automobile odometer. The jury returned a verdict against defendant in the amount of $850.50, which in accordance with the statute was trebled. The district court also

assessed attorneys' fees of $5,000 and witness fees amounting to $2009.20. The first consolidated appeal presents the question of whether the amount of recovery in a civil suit of this type should control the amount of attorneys' fees awarded. The second appeal involves the issue of whether the district court properly exercised its discretion in awarding travel costs to witnesses outside the 100-mile limit.

*78–1735, Fleet Investment Co., Inc. v. Rogers*

The prosecution of an odometer rollback violation can be a serious and difficult piece of litigation, involving proof of fraud. It is not normally undertaken by the private bar, however, because an award which would adequately compensate an attorney for his services would greatly exceed the usual recovery. For this reason Congress clearly articulated its intent to encourage this type of suit by authorizing an award of attorneys' fees for successful prosecution under all but special circumstances. In the creation of this national policy to vindicate the rights protected by the statute, Congress recognized that the encouraged litigation is often interstate in scope.

■ Appellant urges us to read into this congressional authorization of fees a rule which would limit an award to the amount the attorney would be paid under the fee arrangement entered into with the client.[1] Here, the arrangement was contingent on the return of a verdict larger than what was awarded by this jury. Therefore, plaintiff's attorneys would have received nothing unless the court allowed attorneys' fees. This result would obviously frustrate the intent of Congress, and we refuse to adopt such a rule.

In addition, appellant brought upon himself the resulting increase in plaintiff's attorneys' fees by raising specious defenses and a substantial but unsuccessful counterclaim at trial. Defendant's actions necessitated a pre-trial brief on six legal issues, several depositions and the preparation of numerous witnesses, expert and otherwise.

Two attorneys were involved in preparation for the trial, which consumed four days. The district court greatly discounted the time and rate claimed by the plaintiff's attorneys, and also disallowed some expenses. The court also considered most of the factors suggested by *Johnson, supra,* n. 1, in determining the fee award, and properly included the congressional intent to foster this type of suit. Considering the inherent complexity of the lawsuit and the number of issues which plaintiff had to address, the fee awarded was well within the standard of reasonableness. Appellant has conceded that $5,000 was fair compensation for plaintiff's attorneys' work, but he inconsistently argues that a reasonable fee can never exceed the amount of the recovery, lest defendant be penalized twice; once by the trebling of the verdict and again by imposition of his opponent's expenses of litigation.

The Eighth Circuit has recently recognized that "in many situations, the amount of damage under the Act will be so small that few attorneys will pursue his client's [sic] case with diligence unless the amount of the fee be proportionate to the actual work required, rather than the amount involved." *Duval v. Midwest Auto City, Inc.,* 578 F.2d 721, 726 (8th Cir. 1978). There the court affirmed an award of $14,000 in an odometer rollback suit where the recovery was only $3,960, based partially on the fact that plaintiffs had to undertake "massive investigation" to establish a scheme to buy high mileage vehicles with low mileage odometer readings from a car dealer in Kansas. *Id.* at 726.

We accept the district court's conclusion that the $5,000 fee was justified by the complexity of the litigation and the exceptional skill required of the litigator. While *Duval* may well be at the outer limits of what is a reasonable attorneys' fee for return of a judgment of that size, we rely on it to reaffirm our long stated principle that an attorney is "entitled to recover the reasonable value of his professional services," *Featherstone v. Barash,* 382 F.2d 641, 644

---

1. Appellant cites *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), in aid of his argument. *Johnson* was a civil rights case decided before enactment of the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988 (1976), and thus is inapplicable.

(10th Cir. 1967), where statutorily authorized. The value of an attorney's services is not only measured by the amount of the recovery to plaintiff, but also the non-monetary benefit accruing to others, in this case the public at large from his successful vindication of a national policy to protect consumers from fraud in the used car business. *78–2018, Fleet Investment Co., Inc. v. Rogers*

■ Regarding the second appeal, appellant challenges the district court's award of travel mileage costs of four witnesses beyond the 100-mile limit specified in Rule 45(e) of the Federal Rules of Civil Procedure. A district court has discretion to approve travel costs in excess of 100 miles from the place at which the trial is held, *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 231–32, 85 S.Ct. 411, 414–415, 13 L.Ed.2d 248 (1964), and such costs need not be approved in advance. But since such a request appeals to the court's discretion, parties who obtain a witness from outside the 100-mile limit without advance approval do so at their peril.

AFFIRMED.