564 F.Supp. 765 (1983)
Clyde L. SISCO, Plaintiff,
v.
J.S. ALBERICI CONSTRUCTION COMPANY, INC., Defendant.
No. 77-0810-C(C).
United States District Court, E.D. Missouri, E.D.
June 7, 1983.
*766 Michael Hoare, St. Louis, Mo., for plaintiff.
Samuel C. Ebling, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court upon plaintiff's and defendant's separate motions for attorneys' fees and expenses. For the reasons set forth below, plaintiff's motion will be granted as modified and defendant's motion will be denied.
Plaintiff Clyde L. Sisco filed suit against defendant J.S. Alberici Construction Co., Inc. ("Alberici") alleging that he was unlawfully terminated from his employment with defendant. Specifically, plaintiff contended that Alberici unlawfully discriminated against him because of his race and/or unlawfully retaliated against him for his opposition to what he perceived to be racial discrimination. Under each theory, plaintiff claimed defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Civil Rights Act of 1870, 42 U.S.C. § 1981.
Plaintiff's allegations have previously been tried before this Court. On April 24, 1980, this Court entered judgment against plaintiff and held that Alberici had not unlawfully discriminated or retaliated against plaintiff. On July 29, 1981, that judgment was affirmed in part and reversed in part by the Eighth Circuit Court of Appeals. Sisco v. Alberici Construction Co., Inc., 655 F.2d 146 (8th Cir.1981). The Eighth Circuit affirmed this Court's judgment pertaining to plaintiff's claim of unlawful discrimination. That Court reversed the judgment concerning plaintiff's claim of unlawful retaliation, however, on the ground that plaintiff was entitled to a trial by jury with respect to that claim.[1]
On remand, the parties settled plaintiff's retaliation claim prior to trial. Plaintiff received $30,000 from Alberici in settlement of that claim. During the settlement proceedings the parties stipulated that plaintiff would be considered the prevailing party with respect to his claim of retaliation under § 1981 and Title VII. However, the question of attorneys' fees and costs to be awarded the prevailing party were reserved for possible future settlement or resolution by this Court.
In the present motion, plaintiff seeks attorneys' fees in the sum of $96,843.00. That sum reflects a lodestar fee of $64,562.00[2] *767 plus an enhancement factor of 50%. The statutory authority upon which plaintiff bases his claim for attorneys' fees, 42 U.S.C. §§ 1988 and 2000e-5(k), authorize district courts to award a "reasonable" attorney's fee to prevailing parties in civil rights litigation.
It is undisputed that plaintiff is a prevailing party with respect to his claim of unlawful retaliation and is, therefore, entitled to reasonable attorneys' fees, absent special circumstances which would render such an award unjust. Hensley v. Eckerhart, ___ U.S. ___, ___, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). The fact that plaintiff prevailed on only some of his claims for relief does not constitute the kind of special circumstance which would preclude plaintiff from receiving an award of attorneys' fees. Id.; Johnson v. Nordstorm-Larpenteur Agency, Inc., 623 F.2d 1279 (8th Cir.) cert. denied, 449 U.S. 1042, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980).
A reasonable attorney's fee is derived by multiplying the reasonable hours expended in prosecuting the lawsuit by a reasonable hourly rate. The product of these two numbers has been characterized as the "lodestar" fee. Where, as here, the plaintiff received only partial success on his claims for relief, this lodestar figure should be adjusted such that the fees awarded are "reasonable in relation to the results obtained." Hensley, supra ___ U.S. at ___, 103 S.Ct. at 1943. In the instant case, plaintiff's claim of unlawful discrimination was rejected by this Court and the Eighth Circuit Court of Appeals. On his remaining claim for unlawful retaliation, plaintiff received a total of $30,000. Plaintiff had originally sought relief in the amount of approximately $222,869.09 plus reinstatement. In short, plaintiff attained only limited success in this cause of action.
Accordingly, this Court is of the opinion that plaintiff's lodestar fee of $64,562.00,[3] over twice the amount of damages plaintiff actually received, does not bear a reasonable relation to the results obtained. Moreover, plaintiff's attorneys are certainly not entitled to an enhancement factor of 50%. An enhanced award is justified only in cases of "exceptional success". Hensley, supra at ___, 103 S.Ct. at 1940. Despite plaintiff's protestations to the contrary, this case does not contain that element of exceptional success which would warrant an enhanced award.
There remains the question of determining a reasonable fee. When plaintiff's attorneys agreed to represent plaintiff in this litigation, they entered into a contingent fee contract. In pertinent part, that agreement provided that:
In the event it is necessary to go beyond the pre-trial stage, we shall attempt to recover our fee through the court from the defendant at the above rate. [rate of $65.00-$75.00 per hour] If we are unsuccessful in that regard or the amount awarded to us for fees is less than 40% of the total award to you, we will receive 40% of any sum awarded to you, or the difference between the amount of the attorneys fee award and 40% of your award.
See letter agreement dated June 24, 1977.
The existence of the contingent fee contract precludes plaintiff from receiving a fee award greater than that which he was contractually obligated to pay. In Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), the Fifth Circuit set forth twelve factors relevant to the determination of a reasonable fee. The existence of a contingent fee contract is one of the relevant factors. The Court noted that "[i]n no event, however, should the litigant be awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to amount." Id. at *768 718. Accord: Cooper v. Singer, 689 F.2d 929 (10th Cir.1982).[4]
This Court believes that an award of attorneys' fees in an amount representing 40% of the sum received by plaintiff bears a reasonable relation to the degree of success attained by plaintiff and will adequately compensate plaintiff's attorneys for their efforts. Moreover, an award in that amount will effectuate the congressional purpose of enabling plaintiffs to protect their civil rights while preventing a windfall to plaintiffs' attorneys at the expense of defendants. See discussion in Cooper v. Singer, supra. Accordingly, this Court will enter judgment against defendant as and for attorneys' fees in the sum of $12,000.00.
Plaintiff has also requested compensation for its expenses in this action in the amount of $5,534.55. These expenses were reasonably expended by plaintiff in prosecuting this action. Accordingly, an additional sum of $5,534.55 will be awarded to plaintiff as and for expenses.
Finally, defendant Alberici has also requested attorneys' fees in this action under 42 U.S.C. § 1988. This motion will be denied. The Supreme Court has recently reiterated the standard with which defendant must comply in order to recover attorneys' fees. "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous or brought to harass or embarrass the defendant." Hensley, supra, ___ U.S. at ___, n. 2, 103 S.Ct. at 1937, n. 2. Alberici has alleged no facts which would entitle it to a fee under the standard enunciated by the Supreme Court. Moreover, the evidence in this case reflects no such facts. Therefore, defendant's motion for attorneys' fees will be denied.
NOTES
[1] The Eighth Circuit also held that plaintiff was entitled to a trial by jury on his § 1981 claim for unlawful discrimination. However, the Court found that the facts mandated that defendant was entitled to judgment as a matter of law with respect to plaintiff's claim of unlawful discrimination.
[2] The lodestar figure represents a total of 693.4 hours of time at hourly attorney rates varying from $65 to $110 per hour.
[3] In addition, it should be noted that plaintiff's attorneys calculated fees based on current hourly rates (i.e. attorney Michael Hoare has assessed fees on 485.3 hours at a rate of $110 per hour, the rate effective as of January, 1983). The Court is of the opinion that the hourly rates in effect at the time the services were performed would adequately compensate plaintiff's attorneys for their time and effort.
[4] The Eighth Circuit has not ruled on this issue. In Doe v. Poelker, 527 F.2d 605 (8th Cir.1976) that Court cited Johnson with approval and held that the decision did not preclude a fee award where no fee contract had been entered into. The Court expressed no opinion as to the significance of that decision in cases such as the instant case. See also Dean v. Gladney, 621 F.2d 1331, 1338 (5th Cir.1980), cert. denied, 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981).