David ROBERTS, Joseph Williams and Lenard Nash, on behalf of themselves and others similarly situated, Plaintiffs,

v.

NATIONAL BANK OF DETROIT, a national banking association, Defendant.

Civ. A. No. 78–72454.

United States District Court, E.D. Michigan, S.D.

Feb. 11, 1983.

Ronald Reosti, Sheldon J. Stark, Quinn & Budaj, P.C. by John P. Quinn, Detroit, Mich., for plaintiffs.

Dykema, Gossett, Spencer, Goodnow & Trigg by Ronald J. Santo, Seth M. Lloyd, Detroit, Mich., for defendant.

OPINION

GILMORE, District Judge.

This is a Title VII class action that was settled by the entry of a Consent Judgment in the fall of 1982. Paragraph 14 of the Judgment provides for attorneys' fees, which plaintiffs have a right to recover as the "prevailing party" under 42 U.S.C. § 1988. Defendant does not contest plain-

---

tiffs' right to attorney fees, but does contest the amount.

In late 1982, before the court decided the question of class certification, the parties entered into a consent decree and settlement agreement in which the claims of the three original plaintiffs and those of 41 other individuals, considered to be "clients" of plaintiffs' attorneys, were settled for a total of $250,000.00. The average amount received by each plaintiff was less than $6,000.00. The three named plaintiffs received approximately $25,000.00 each, and 20 plaintiffs received only $1,000.00 each.

Defendant also agreed to certain affirmative relief designed to assure promotional opportunities for blacks, consistent with defendant's policy. Defendant contends that all of the data for this affirmative relief was initially developed by defendant and its attorneys because the defendant had the list of classifications and the census of persons in those classifications.

Plaintiffs' attorneys seek a total of $259,142.50 in attorneys' fees, plus $32,424.00 for work performed by paralegals, and $16,708.93 in costs. The total amount claimed is $308,275.43.

Those claiming fees are as follows: Ronald Reosti seeks compensation for 292.9 pre-judgment hours and 2.3 post-judgment hours, at $125.00 per hour; Sheldon Stark seeks fees for 172.3 pre-judgment hours at $125.00 per hour; John Quinn requests payment for 560.75 pre-judgment hours and 16.7 post-judgment hours at $125.00 per hour, and Eileen Hayes seeks fees for 1.4 pre-judgment hours at $100.00 per hour.

After computing the fee based on the number of pre-judgment hours, multiplied by the hourly rate, each attorney increased the total amount claimed for pre-judgment hours by a contingency factor of two.

Thus, the total fees claimed for each attorney are:

| | |
|---|---|
| Mr. Reosti | $ 73,512.50 |
| Mr. Stark | 43,075.00 |
| Mr. Quinn | 142,275.00 |
| Ms. Hayes | 280.00 |

Defendant has objected to the amount of the fees and costs on a number of grounds. It argues, first, that the fees are excessive for a case that never went to trial. It points out that only four court appearances were required in the case, besides pre-trial conferences, and these court appearances concerned minor matters such as a motion to remand, or for discovery. It further notes that only five depositions were taken, and points out that the heaviest legal work was a motion for class certification, which was never decided. Defendant states that most of the work on the class certification motion was done by plaintiffs' experts, and that it has already agreed to pay those experts.

Defendant further argues that plaintiffs have not adequately supported their $125.00 hourly rate by merely stating that this is their current hourly fee. They have made no distinction between trial work (none in this case) and work customarily done by associates, and point to the decision of Judge Feikens in *Cantor v. Detroit Edison Co.*, 86 F.R.D. 752 (E.D.Mich.1980) where the court discounted work customarily done by associates. Defendant argues that a reasonable rate in this case would be $90.00 an hour for partners' work and $60.00 an hour for associates' work.

Defendant further argues that the listed hours are unreasonable in many cases. As an example, defendant points to 19.10 hours spent on drafting the complaint and 20 hours on the motion to remand. It further contends that much of the time is duplicate time, claiming that, when there is more than one lawyer on a case, the court should discount the hours that are duplicative. It contends that, while plaintiffs certainly have the right to have three lawyers, it is not necessarily fair to make defendant pay for time for three lawyers when the lawyer could have done the work. They point to the example of all three lawyers attending a deposition that only one of the lawyers participated in.

Finally, defendant contends that the contingency factor of two is much too high.

The controlling case in this circuit on the award of attorneys' fees to prevailing plaintiffs in civil rights cases is *Northcross v. Board of Education,* 611 F.2d 624 (6th Cir. 1979). There the court held that, in awarding attorneys' fees under 42 U.S.C. § 1988, courts are required to make the awards with specific findings based on statutory guidelines. The court held that fees must be calculated on the basis of hours of service, after specific findings by the trial court. It further held that hours may be cut for duplication, and that the trial court may use a percentage deduction to deduct duplicative hours. For any other hours that are eliminated, findings of fact must be made.

In determining the level of compensation, the *Northcross* Court held that the district court must determine the fair market value of the services. This value may be based on the attorney's hourly rate or, if the attorney has no private practice, on the rates "customarily charged in the community for similar services." *Id.* at 638.

The court also held that the routine hourly rate is not the maximum that can be awarded. Courts can award a "contingency factor" to compensate for risk. This factor is not a "bonus;" the plaintiff must establish that there was risk involved. A contingency factor would not be reasonable if the case were very clear and there was little risk of losing:

> Focusing on the fair market value of the attorney's services will best fulfill the purposes of the Fees Awards Act, by providing adequate compensation to attract qualified and competent attorneys without affording any windfall to those who undertake such representation....
>
> .    .    .    .    .
>
> This does not mean that the routine hourly rate charged by attorneys is the maximum which can or should be awarded. In many cases, that rate is not 'reasonable,' because it does not take into account special circumstances, such as unusual time constraint, or an unusually unpopular cause, which affect the market value of the services rendered. Perhaps

the most significant factor in these cases which at times renders the routine hourly fee unreasonably low is the fact that the award is contingent upon success. An attorney's regular hourly billing is based upon an expectation of payment, win, lose or draw. If he or she will only be paid in the event of victory, those rates will be adjusted upward to compensate for the risk the attorney is accepting of not being paid at all. Some cases under the civil rights statutes, those in which the facts are strong and the law clear, pose little risk of losing, and the attorney's normal billing rate will be adequate compensation. Others, in developing areas of law or where the facts are strongly disputed, will require a substantial upward adjustment to compensate for the risk. We also note that in a long and complicated lawsuit such as this one, only a portion of the time expended can be reasonably regarded as contingent; once liability is established the attorney is assured of compensation for establishing the appropriate remedy, monitoring the decree, and recovering his fee. The contingency factor is not a 'bonus' but is part of the reasonable compensation to which a prevailing party's attorney is entitled under § 1988.

611 F.2d at 638.

The most recent case to consider attorneys' fees for successful plaintiffs in civil rights actions is *Louisville Black Police Officers Organization, Inc., et al. v. City of Louisville, et al.,* 700 F.2d 268 (6th Cir. 1983). The court pointed out that, under *Northcross,* district courts retain discretion in making fee awards so long as that discretion is exercised within the framework of the *Northcross* guide-lines. The court said:

> [The *Northcross*] decision is not to be interpreted as imposing upon the district courts rigid rules of law. Rather, the *Northcross* approach is a method for the district courts to use in making fee awards. Although, after *Northcross,* the district courts' discretion is to be exercised within the framework of the guide-

lines, all discretion of the trial court was certainly not extinguished by that decision.... The dual aim of *Northcross* was to establish some uniformity in the district courts' *approach* to awarding fees and to require the making of a record sufficient to facilitate meaningful appellate review. It did not establish rules of law to be slavishly applied. Only upon a finding that a district court has refused or failed to recognize the *Northcross* guidelines or, in applying those guidelines, has abused the discretion left by those guidelines in the district court, will this Court overturn a fee award.

At ——.

Recognizing, therefore, its discretion, this court will proceed to determine, under the guidelines of *Northcross,* proper fees and costs to be awarded to the plaintiffs in this case. The Court feels, based upon the affidavits and briefs filed, and the argument of counsel, that there is a sufficient record from which it can make the determination.

■ It is clear that hours spent by an attorney in civil rights cases, when he is seeking fees from the defendant, must be adequately documented to insure that all the hours claimed were actually spent. Here, the court finds that, although many of the hours listed in the fee petition are reconstructed, the hours claimed are adequately documented. The attorneys have explained that the reconstructed hours are the result of comparing the time records kept by each attorney. In some instances, one attorney had recorded a meeting or hearing which all three attended, but which the other attorneys did not record. Thus the reconstructed hours were based on accurate time records provided by at least one attorney.

The court finds, however, that in the circumstances of this case, there was some duplication of hours. The Court will therefore deduct 10 percent of the hours claimed by each attorney to eliminate duplication of services. Each attorney will be entitled to receive fees for the following number of hours: a) Mr. Quinn: 504.67 prejudgment hours and 15.1 post-judgment hours; b) Mr. Reosti: 263.6 pre-judgment hours and 2 post-judgment hours; c) Mr. Stark: 155 prejudgment hours; d) Miss Hayes: 1.26 pre-judgment hours.

■ The court must also determine the level of compensation for services provided. Attorneys Reosti, Stark, and Quinn have stated in affidavits that their current hourly rate is $125.00. Miss Hayes' rate is listed at $100.00 per hour. Under *Northcross,* the court must look to the fair-market value of the services provided, which, in most cases, is measured by the hourly rate charged by the attorney. If the attorney has no established hourly rate, the court can look to the rates customarily charged in the community for similar services.

In this case, Mr. Quinn has no established rate because, until recently, he handled all of his cases on a contingent-fee basis. He has provided the court with a calculation of his fee-generating capacity based upon his gross income and estimated fee-generating hours for the years 1977 through 1982. The court finds that these figures do not adequately document a fair market value of Mr. Quinn's services.

Based on the court's own knowledge of rates customarily charged in this community for services of this type, the court finds that a reasonable hourly rate for an attorney of Mr. Quinn's length of experience and background in civil rights cases is $90.00 per hour.

Mr. Reosti and Mr. Stark, on the other hand, have produced evidence that they are currently charging $125.00 per hour, and the court finds that this figure adequately reflects the fair market value for services of lawyers with their experience and records in civil rights litigation. The court finds, however, that most of the hours documented in this lawsuit were expended before 1982. Mr. Stark and Mr. Reosti only recently raised their rates from $100.00 per hour to $125.00 per hour. The court, therefore, finds that a reasonable hourly rate for four years of services is $110.00 per hour. The court makes this determination to account for the fact that attorneys' rates

have changed over the years and that they have been at a disadvantage because they have not been paid throughout the pendency of the litigation.[1]

Finally, the court finds that a fair market rate for Eileen Hayes is $75.00 per hour.

The next question the court must consider is whether to apply a multiplier because of the contingent nature of the claim. Obviously the multiplier would not be applicable to any post-judgment proceedings.

Plaintiffs claim that any award for pre-judgment hours should be multiplied by two. They contend a factor of two is reasonable because there was approximately a 50–50 per-cent possibility of winning.

The court finds that payment in this case was contingent upon success, and, therefore, a multiplier is appropriate. In determining a multiplier, the court must weigh the strength of the facts, the clarity of the law, and the risk of losing. It appears to the court that, considering all of these factors and considering the fact that the case was eventually settled and did not have to go to trial, a reasonable multiplier for the pre-judgment work is 1.25.

Using the hourly figures, the hourly rate, and the multiplier for pre-judgment hours discussed above, the Court will award the following fees: Mr. Quinn will receive $58,134.37. This figure is obtained by multiplying 504.67 hours times $90.00 an hour, and then multiplying that result by 1.25. In addition, he is entitled to 15.1 hours at $90.00 an hour, for a total $1,359.00.

The award of fees to Mr. Reosti will total $36,465.00. This figure is obtained by multiplying 263.6 pre-judgment hours by $110.00 per hour, and adding a multiplier of 1.25. To this is added 2 hours of post-judgment time at $110.00 per hour.

Mr. Stark will be awarded $21,312.50 as attorney's fees. This figure is arrived at by multiplying 155 pre-judgment hours by $110.00 and applying a multiplier of 1.25.

The court will award Miss Hayes $118.12. This figure is obtained by multiplying the hourly rate of $75.00 by 1.26 and adding a factor of 1.25.[2]

The plaintiffs have also claimed costs for paralegal services, costs for experts, and other costs in the case. *Northcross,* in discussing this, stated:

> The authority granted in section 1988 to award a 'reasonable attorney's fee' included the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services. Reasonable photocopying, paralegal expenses, and travel and telephone costs are thus recoverable pursuant to the statutory authority of § 1988.

611 F.2d at 639.

Plaintiffs claim that they are entitled to recover 405.3 hours at $40.00 an hour for paralegal services. Defendant claims that the plaintiffs have only adequately documented 162 hours for the paralegals, and that a maximum payment for paralegals should be $12.00 an hour. They claim that paralegals are usually paid only $6.00 an hour, but it is proper to add another $6.00 an hour to cover overhead to reach the price of $12.00 an hour.

Again, we have much the same situation with reference to the hours of the paralegals as we have with those of the attorneys. Many of them are reconstructed and many are duplicative. After a careful consideration of the matter, the court concludes that plaintiffs are entitled to recover costs for 300 hours of paralegal services at the rate

---

1. Although defendants argue that the court should determine lower rates for work that could have been done by associates, the Court finds that that is not appropriate in this case. The attorneys here are not involved in large law practices which allow them to send routine work to associates.

2. The court does not feel that *Cooper v. Singer,* 689 F.2d 929 (10th Cir.1982), which held that the maximum attorney's fees which a prevailing plaintiff may be awarded under 42 U.S.C. § 1988 is to be measured by the amount the attorney would have received pursuant to the contingent fee arrangement between the plaintiff and plaintiff's counsel is authority in this circuit. Courts in the Sixth Circuit are bound by *Northcross* and, in determining reasonable attorney's fees, must follow the standards set forth there.

of $15.00 an hour. $15.00 an hour covers generally a paralegal's present compensation plus an adequate amount for overhead. Therefore plaintiffs may tax as costs for paralegals the sum of $4,500.00.

Plaintiffs also contend they are entitled to costs for experts in the sum of $13,826.72. Defendants have already agreed that they will pay this amount and so there is no necessity to consider the award of these amounts.

In addition, plaintiffs have filed a list of costs which they seek to recover, including costs for court filing fees, photocopying, mailing, long distance telephone calls, travel, process serving, photography, court reporters, contracted legal research, and graphic artists. At no place, in any of the briefing or in argument, have the plaintiffs' attorneys shown the reasonableness of these costs. Therefore the court can award none of these costs at this time except the $30.00 court filing fee and $30.00 for the process server. It may be that the other costs listed are reasonable and should be paid, but there is not enough of a record to justify awarding any of these costs. If counsel desire to pursue these costs, they may do so by subsequent motions supported by proper affidavits showing the reasonableness of the costs sought.

An order in accordance with this opinion may be presented.