Forrest J. NEAL, III by Patricia NEAL, his Next Friend, Plaintiff,

v.

Joan BERMAN and William Byrd, Defendants.

Civ. A. No. 82–60302.

United States District Court, E.D. Michigan, S.D.

Dec. 19, 1983.

Arthur Cole, Cole & Tamsen, Detroit, Mich., for plaintiff.

Dennis A. Rhodes, Plunkett, Cooney, Rutt, Watters, Stanczyk & Federsen, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the Court on plaintiff's post-judgment petition for attorney's

fees, brought pursuant to the Civil Rights Attorney's Fees Statute, 42 U.S.C. § 1988. For the reasons discussed herein, the motion is granted.

## FACTUAL BACKGROUND

The case arose out of an incident involving plaintiff, an eight year old child at the time of the incident, and a teacher and teacher's aide at the Dickens School in Ann Arbor. After plaintiff had exhibited some disciplinary problems, the teacher instructed the teacher's aide to obtain a jump rope and to tie plaintiff up with it. The teacher's aide did as he was instructed, tying the rope loosely around plaintiff's waist. The aide then instructed the plaintiff to remain with him for the duration of the lunch period, while the aide held on to the rope. Plaintiff did as he was instructed, until the principal of the school came upon the scene, and instructed the teacher's aide to remove the rope from the plaintiff, which the aide did. Plaintiff had been subjected to the taunts of his classmates who had observed him being led around the playground of the school with the rope attached to his waist.

Plaintiff brought this action by his mother as next friend, alleging that defendants' conduct was so outrageous as to constitute a violation of his right to due process of law. Originally named as defendants were the Ann Arbor School District, the teacher, the teacher's aide, the principal of the school, the Director of the school district, and the members of the Board of Trustees of the school district. All of the defendants except the teacher and the teacher's aide were subsequently dismissed from the case upon defendants' motion for summary judgment.

The parties were initially referred to a mediation panel for possible resolution of this dispute. The panel concluded that defendants had violated plaintiff's rights, and recommended an award of $2,000. The defendants accepted the recommendation of the panel, but plaintiff rejected it. Plaintiff made a settlement offer of $10,-000. Prior to the trial, defendants expressed a willingness to settle for an amount greater than the $2,000 mediation recommendation, and less than the $10,000 suggested by plaintiff. Defendants failed, however, to ever make a formal offer of settlement that was memorialized on the record.

The case went to trial, and at the conclusion of the proofs, the jury returned a verdict for plaintiff, awarding him $500 in compensatory damages, for which the two defendants were jointly liable, $750 punitive damages against the teacher's aide, and $1,750 punitive damages against the teacher.

## AVAILABILITY OF ATTORNEY'S FEES

Plaintiff has submitted a bill for costs and attorney's fees incurred in the prosecution of this action. The principal issue raised by the motion for reimbursement of fees, and defendants' opposition to this motion, is to what extent plaintiff is the "prevailing party" in this action, because the amount of fees to which plaintiff is entitled to reimbursement is dependent upon the extent to which he prevailed.

Title 42 U.S.C. § 1988 provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." In *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court concluded that where a civil rights plaintiff failed to prevail on a claim unrelated to the successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. The district court is therefore directed to treat a multi-claim civil rights complaint as a group of distinct claims for the purposes of applying the attorney's fee statute. Attorney's fees are to be awarded only for that time that was devoted to claims on which plaintiff prevailed, or claims that are "related to the successful claims". The *Hensley* Court noted however, that in cases involving a common core of facts marshalled in support of a series of related legal theories, the district court should look to the "signif-

**1252**

icance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Where a plaintiff has obtained excellent results, his attorney would recover a fully compensable fee," *id.* at ——, 103 S.Ct. at 1940.

▮▮▮ In the instant case, plaintiff initially brought suit against nine individual defendants and one institutional defendant. All but two of the individual defendants were dismissed, as was the school district. Plaintiff did not prevail with his claims against the defendants who were dismissed; therefore, he is not entitled to reimbursement of his attorney's fees with respect to the time that was devoted to prosecuting those claims. Of the 73 hours that plaintiff's attorney expended on this lawsuit, 14 of those hours were spent responding to the motion for summary judgment which resulted in dismissal of most of the defendants. Apart from those hours however, the time spent by plaintiff's attorney was substantially related to the pursuit of the claims on which plaintiff ultimately received a jury verdict. Consequently, the Court concludes that plaintiff is not entitled to reimbursement for 14 of the hours spent by his attorney on this case.

The more intriguing question in this case is whether or not plaintiff can be said to have prevailed at trial in light of the fact that defendants were apparently willing to settle this lawsuit, perhaps for a sum greater than that recovered as a result of the jury verdict. We turn again to the *Hensley* opinion for guidance on this question.

The district court should also exclude from this initial fee calculation hours that were not "reasonably expended". Cases may be overstaffed, and the skill and experience of the lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as the lawyer in private practice ethically is obligated to exclude such hours from his submission.

. . . .

If ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

at —— — ——, 103 S.Ct. at 1939-40.

▮ Although plaintiff obtained a jury verdict which concluded that defendants were liable to him for their violation of his constitutional rights, the inquiry as to whether plaintiff "prevailed", or more appropriately, to what extent he prevailed, does not end there. Had defendants made a firm and formal settlement offer for a sum greater than the amount of money that plaintiff had recovered in a jury verdict, the court would conclude that by shirking the settlement offer and proceeding to trial, the plaintiff had lost part of his potential recovery. A determination of whether or not the plaintiff prevailed should take into account the options that were open to him during the course of the litigation. A party makes a tactical choice when he refuses a settlement offer and incurs additional expense by pushing the cause to trial. His opponent likewise incurs additional expense by defending himself at trial, a factor which he undoubtedly will consider when framing the terms of his settlement offer.

The legal issue in this case differs from that addressed by the Supreme Court in *Hensley.* In *Hensley,* the Court dealt with a situation where plaintiff had raised a number of legally distinct and theoretically unrelated claims in a single action, only on some of which he prevailed. In this case, plaintiff obtained a jury finding of liability with respect to his substantive legal claims against the two remaining defendants, but he did not recover as much money from the jury verdict as he might have been able to

recover through settlement. From the comfortable perspective of hindsight, the Court concludes that plaintiff's attorney made a tactical mistake, although perhaps not an unreasonable judgment call, in spurning the potential settlement offer and pushing the case to the jury.

The Court concludes that, despite the absence of a perfect fit, the reasoning of *Hensley* should be applied to the problem presented by this case. Broadly stated, *Hensley* teaches that only those resources that were expended in the pursuit of relief that was ultimately obtained may be reimbursed under the Attorney's Fee Statute. In this case, plaintiff sought to recover money damages. The amount of time that plaintiff's attorney devoted to trying the case after a settlement offer had been made was perhaps unnecessary to the recovery ultimately obtained.

In this case, however, defendants failed to place a firm settlement offer on the record. The Court therefore has no way of knowing whether plaintiff could have recovered more money by accepting the settlement offer than he obtained by proceeding to trial. For this reason alone, the Court concludes that it cannot determine that the time expended by plaintiff's attorney in trying this case ultimately obtained less favorable results than would have been obtained by acceptance of the settlement offer. Had the defendants made a record of a settlement offer that ultimately proved to be higher than the jury verdict, the Court would have concluded that the plaintiff had not "prevailed" by going to trial, and would have refused to grant plaintiff his attorney's fees for those hours spent by his attorney in trying the case.

■ The Court's reasoning in this opinion will have the obvious and intended effect of encouraging defendants in civil rights cases to make reasonable settlement offers, and to memorialize those offers on the record. Plaintiffs in such cases will then be compelled to take a hard look at the expected result of their lawsuit. A plaintiff who unreasonably overestimates the likelihood of success and probable amount of recovery, and thereby pushes his case to trial, should not be able to transfer the costs of the trial to the defendant, because those costs were not necessarily incurred in securing the desired relief. *Cf. Espinoza v. Hillwood Square Mutual Ass'n.*, 532 F.Supp. 440 (E.D.Va.1982) (failure of plaintiffs to advance a reasonable settlement offer following the resolution of key legal issues precluded recovery of attorney's fees for any time subsequently spent on the case).

Plaintiff's attorney initially took this case on a contingent-fee basis. The rule in this Circuit is that an attorney who takes a civil rights case on such a contingent-fee agreement is not limited to the terms of the fee agreement when seeking reimbursement under the attorney's fee statute, *see Rose v. National Cash Register Corp.*, 703 F.2d 225, 230 (6th Cir.1983); *Roberts v. National Bank of Detroit*, 556 F.Supp. 724, 728 n. 2 (E.D.Mich.1983). Rather, the district court is directed to analyze the number of hours that the prevailing party's attorney spent on the case, and determine the number of hours and the rate of compensation that would be reasonable in such a case, *see Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268 (6th Cir.1983); *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980).

In this case, plaintiff's attorney submitted an itemized schedule of services that disclosed that he spent 73 hours and 40 minutes on the case. The attorney indicated during the hearing on this motion that 14 of those hours were spent responding to the motion for summary judgment, on which defendant prevailed. Defendants do not contest the balance of time that was spent by plaintiff's attorney on the case.

From the discussion that was advanced during the hearing, the Court concludes that the reasonable value of the services of plaintiff's attorney is $75 per hour. The amount of fees for which plaintiff is enti-

**1254**

tled to reimbursement under 42 U.S.C. § 1988 is therefore:

(73 hours and 40 minutes – 14 hours) × $75 = $4,425.

Plaintiff is also entitled to his costs in this case. His attorney has submitted a bill of costs, from which must be deducted the fee for service of process upon the defendants who were dismissed from the case. Plaintiff's attorney represented at the hearing that the amount of the excluded fees should be $170, which defendants do not dispute. Plaintiff is therefore entitled to his costs of $829.36.

SO ORDERED.