Fred **LINDSEY** & Evelyn R. **Lindsey, Plaintiffs,**

v.

**ANDERSON & SONS AUTO SALES, INC., Defendant.**

**Civ. A. No. 1:85–CV–3809–JOF.**

United States District Court, N.D. Georgia, Atlanta Division.

July 15, 1988.

---

Elizabeth Jane Coleman, Atlanta, Ga., for plaintiffs.

James W. Bradley, Jonesboro, Ga., for defendant.

### ORDER OF THE COURT

FORRESTER, District Judge.

Before the court is an application for attorney's fees in this Odometer Act case (15 U.S.C. § 1989). The defendant generally objects to the amount of attorney's fees claimed but no germane specific objections are raised. Neither party has requested an evidentiary hearing.

The case was a relatively simple, straightforward Odometer Act case. The *ad damnum* sought the greater of three times plaintiffs' actual damages, or $1,500. The plaintiffs recovered $1,500. Plaintiffs' counsel had to respond to a motion to dismiss, a motion for summary judgment, and further, she made motions for partial summary judgment and for default judgment. In connection with the default judgment, attorney's fees were awarded and the court presumes that the claim now before the court is not again seeking compensation for the same time heretofore compensated. The court found for the plaintiffs after a short bench trial.

The plaintiffs' attorney is Elizabeth J. Coleman. Ms. Coleman is favorably known by this court and has had a number of matters in this jurisdiction. She graduated from the University of Pennsylvania Law School in 1974 and has practiced law since August of 1976. In the first five years she worked for various public interest law firms such as the Atlanta Legal Aid Society and the Georgia Legal Services Program, Inc. Since 1981 she has been in private practice specializing in commercial and consumer law.

It is the opinion of the court that Ms. Coleman has shown above average skill in the prosecution of this matter. The court would find that she showed exceptional skill but for her decision to file a motion for partial summary judgment. While the court is not prepared on this record to say that no lawyer would have done it or billed for it, it seems to the court that the most skillful lawyer would have been able to predict that it had little chance of success and would not have burdened the case with the filing of it.

Through contemporaneously-maintained time records, Ms. Coleman has shown that she spent a total of 102.4 hours on the case. By affidavit she shows that she has excluded duplicative time, time conferring with other counsel, or time spent on clerical tasks. Additionally, she claims 7.7 hours spent by a paralegal for which she would charge $25 per hour. Plaintiffs' counsel contends that she should be compensated at $125 an hour. In support of this, she has tendered an affidavit from W. Terence Walsh who states that he charges $165 an hour for "commercial litigation." He has been in practice since 1971. Also, there is an affidavit from David R. Trippe who has been in practice since 1972. He bills clients at $140 an hour for "commercial litigation." Finally, Robert L. Goldstucker has submitted an affidavit. He has been in practice since 1977 and states that he charges between $100 and $150 per hour but that his most frequent charge is $140 an hour. These fees are again charged in "commercial litigation."

### Conclusions of Law

The fee in this case will be set according to the prescriptions in *Norman v. Housing Authority,* 836 F.2d 1292 (11th Cir.1988).

■ The beginning point for the determination of an attorney's fee is the setting of a reasonable hourly rate. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services to similar clients by lawyers of reasonably comparable skills, experience, and reputation. The information contained in the record created by plaintiffs' counsel is inadequate for the court to make a determination of what the reasonable hourly rate is. There are no doubt few attorneys who represent plaintiffs in Odometer Act cases who are able to bill on an hourly rate. Accordingly, the fee must be set in relation to fees for comparable work. The comparable chosen by plaintiff is commercial litigation. This is over-broad. *Compare Perkins v. Housing Authority*, 847 F.2d 735 (11th Cir.1988). Commercial litigation can cover anything from the collection of consumer debts to the litigation of major construction contracts, and clearly within this range there is a very broad range of fees being charged even by lawyers of Ms. Coleman's skill. Further, the affiants do not state the kinds of clients that they have in mind when quoting these fees or the type of relationships that they had with those clients.

■ An Odometer Act case is a very routine and unsophisticated lawsuit. It lends itself well to forms and it is seldom that any difficult legal questions are presented or that the attorney has had to develop any particular expertise in any arts or sciences which may have an impact on the facts. For example, in a personal injury case plaintiff's lawyer must know something about medicine and anatomy. Accordingly, the court believes that odometer litigation is most closely akin to collections matters, to suits on account, and to small actions for breach of contract. Defendant's attorneys practicing in these areas who have an ongoing relationship with their clients typically handle the matters on a contingent fee at a rate of twenty-five to fifty percent of recovery. If these percentages were used, the fee in this case based on market rates would be between $400 and $750. Although Ms. Coleman does not say so, the court implies from all the evidence that she has a one-time relationship with this client. The prevailing rate for attorneys of Ms. Coleman's skill and experience in collection law matters where counterclaims are filed or in minor breach of contracts is $75 to $100 per hour. Because the court has judged her skill as above average, it believes that the reasonable fee would be $95 per hour.

The court has reviewed the times claimed and cannot say that an attorney in the exercise of ordinary billing judgment would have excluded any of those hours either for herself or for her paralegal, and as a consequence, finds that 102.4 hours were reasonably expended in the handling of this matter.

No adjustments of the lodestar either on account of results obtained or because of the contingency of the fee are warranted in this case.

### Conclusion

The plaintiffs are awarded an attorney's fee of $9,728 (102.4 hours times $95 per hour), plus fees for the use of a paralegal of $192.50, plus expenses of $429.70.

SO ORDERED.