**Eileen EVANS, Plaintiff,**

v.

**PARADISE MOTORS, INC.,
et al., Defendants.**

**Civ. No. C–89–0079 EFL (FSL).**

United States District Court,
N.D. California.

March 18, 1991.

Gilbert R. Serota of Orrick, Herrington & Sutcliffe, San Francisco, Cal., for plaintiff.

Luis F. Urroz, San Francisco, Cal., for defendants Michael Long and John Slack.

Edwin L. Bradley, San Francisco, for defendant Paradise Motors.

## AWARD OF ATTORNEY'S FEES

### SYNOPSIS

LANGFORD, Chief United States Magistrate Judge.

Plaintiff EILEEN EVANS (EVANS) sued defendants PARADISE MOTORS (PARADISE), MICHAEL LONG (LONG) AND JOHN SLACK (SLACK), alleging violation of the Federal Odometer Act (15 U.S.C. § 1989(a)(2)), intentional misrepresentation, negligent misrepresentation, breach of contract and bad faith denial of contract. After a six-day trial a jury found PARADISE and LONG liable under the Odometer Act, and PARADISE, LONG and SLACK liable jointly and severally on all other causes of action.

The jury awarded $1500 for the Odometer Act violation, $4,501 in compensatory damages and $50,000 in punitive damages.

Plaintiff's attorneys submitted an application for fees and costs. One application was for preliminary work early in the case by a sole practitioner. The other part of the application was for 254 hours of legal work by a partner, a first-year associate and a summer law clerk of a large law firm. The total application for fees was $47,116.80. The attorneys also submitted an application for costs of $610.55.

The Court examined the itemized hourly bills of the sole practitioner and law firm and determined that the amount of time spent on each segment of the case was reasonable and that the work had been apportioned among the partner, associate and clerk in an economical fashion. The Court found that some additional time was spent because defendants on the eve of trial began to use two attorneys simultaneously, where before they had only used one. This required extra time at trial, since each attorney examined and cross-examined witnesses and presented arguments to the jury.

The Court also found that the case presented at least one novel legal issue which had resulted in a published opinion by the District Court.

The Court also found that plaintiff's attorneys had obtained an extraordinary result, one of the highest awards ever made in an odometer case.

The Court examined the credentials of plaintiff's attorneys and found them to be outstanding. During the course of proceedings the Court observed that plaintiff's counsel at all times showed a high caliber of legal expertise and conduct.

The Court also found that public policy requires that an attorney have a reasonable expectation of receiving an adequate fee in an odometer case; otherwise the public will be unprotected against this type of fraud.

The Court further found that the fee in this case was not unreasonable when compared with fees in other odometer cases.

The Court having considered all these factors, and the record in the case,

IT IS HEREBY ORDERED that the application for attorney's fees and costs on behalf of plaintiff EILEEN EVANS be GRANTED in its entirety.

One defendant was excluded from liability under the Odometer Act, but was found liable on all other causes of action. These causes of action form the underlying wrongful conduct which the Odometer Act seeks to prevent. The Court determined that he should be equally liable for plaintiff's attorney's fees. Therefore,

IT IS FURTHER ORDERED that defendants PARADISE MOTORS, MICHAEL LONG and JOHN SLACK are jointly and severally liable for the attorney's fees submitted by plaintiff EILEEN EVANS: $47,116.80. All defendants are likewise liable for EVANS' costs: $610.55.

### BACKGROUND

In 1988, EVANS negotiated with PARADISE to purchase a 1986 Alfa Romeo convertible with an odometer reading of approximately 17,000 miles. Before the transaction was completed, she discovered

that the true mileage of the car was more than 40,000 miles. She was unable to obtain a satisfactory resolution from PARADISE.

Evans then sued PARADISE, its owner, LONG, and salesman SLACK for:

1) violating the Federal Odometer Act, 15 United States Code Section 1989(b);

2) intentional misrepresentation;

3) negligent misrepresentation;

4) breach of contract;

5) bad faith denial of contract.

After six days of trial before a jury, on October 16, 1990, the jury made the following findings, by special verdict:

1) Defendants PARADISE and LONG had violated the Federal Odometer Act; EVANS was awarded damages of $1500.

2) Defendants PARADISE, LONG and SLACK had committed intentional misrepresentation, negligent misrepresentation, breach of contract and bad faith denial of contract;

a) for intentional misrepresentation, the jury awarded EVANS compensatory damages of $1,501 and punitive damages of $25,000;

c) for negligent misrepresentation, the jury awarded EVANS compensatory damages of $0.00;

d) for breach of contract, the jury awarded EVANS compensatory damages of $3,000;

e) for bad faith denial of contract, the jury awarded EVANS compensatory damages of $0.00 and punitive damages of $25,-000;

Judgment was accordingly entered on October 22, 1990, against PARADISE and LONG for $1500, and against PARADISE, LONG and SLACK, jointly and severally, for $54,501, with interest.

Defendants moved for a new trial or judgment notwithstanding the verdict. The motions were denied on November 29, 1990.

## FEES AVAILABLE UNDER TWO STATUTES

### 15 U.S.C § 1989(a)(2) (Federal Odometer Act)

(This is significant, at least in part, because one defendant, JOHN SLACK, was dismissed from Odometer Act liability, found liable only for state causes of action.)

The Odometer Act provides that an award of attorney's fees shall be for a "reasonable" amount, but does not set forth any other guidance to the federal court as to the calculation of a reasonable fee award. *See* 15 U.S.C.A. § 1989(a)(2) (West 1990); *Bayless v. Irv Leopold Imports, Inc.*, 659 F.Supp. 942 (D.Or.1987). Therefore, federal courts look to other opinions calculating reasonable attorney's fees under other federal statutes. *Bayless*, 659 F.Supp. at 942.

## NINTH CIRCUIT RULE: KERR FACTORS

■ In an odometer case, the *Bayless* court looked to the Ninth Circuit's twelve factor approach articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976) (calculating reasonable attorney's fees in a civil rights case.) *See Bayless*, 659 F.Supp. at 943:

1) the time and labor required;

2) the novelty and difficulty of the questions involved;

3) the skill requisite to perform the legal service properly;

4) the preclusion of other employment by the attorney due to acceptance of the case;

5) the customary fee;

6) whether the fee is fixed or contingent;

7) time limitations imposed by the client or the circumstances;

8) the amount involved and the results obtained;

9) the experience, reputation, and ability of the attorneys;

10) the "undesirability" of the case;

11) the nature and length of the professional relationship with the client;

12) awards in similar cases.

## TIME AND LABOR

■ According to the Declaration of Gilbert R. Serota, lead attorney for EVANS,—this case was staffed with an eye toward economy. A law clerk and a junior associate were used for almost all research and much drafting of pleadings and other papers, with supervision by the partner, Serota. The partner spent a total of 119.75 hours @ $270. The first year associate spent 78.5 hours @ $110.00. The summer law clerk spent 57.25 hours @ $75.00.

Teresa Carey, a sole practitioner who filed the case initially, was counsel to Eileen Evans from November 9, 1988 to May 5, 1989. She billed for 13.13 hours @ $100 per hour.

Plaintiff EVANS is herself an attorney, at the same firm which represented her at trial. Her counsel estimates that she spent twenty-five thousand dollars' worth of time researching and preparing her own case. He does not offer a number of hours or an hourly billing rate. Other personnel at their law firm also contributed time, which was not billed.

The Court has carefully examined the itemized billing of the firm. The legal staff spent a total of 36.5 hours on their opposition to defendants' motion for summary judgment. Of this time, 17.75 hours, or approximately one-half the total, was spent by the partner, Mr. Serota. Plaintiff successfully opposed defendants' motion, while using lower-paid legal staff for half the hours billed.

For pre-trial preparation, EVANS' counsel spent 68.75 hours. Almost 60 hours was billed for work by the summer law clerk, the lowest-billing of the legal staff on the case.

The pre-trial conference, trial preparation and trial were billed for a total of 95.25 hours. Of this time, all but 20 hours was billed by the partner, the highest-billing of the legal staff on the case. However, this was appropriate, since the immediate trial preparation and trial required the highest level of skill available. The amount of time was not excessive; the Court required the attorneys to attend three pre-trial conferences in an effort to save the time of the Court and the jury at the trial itself. There were also several motions *in limine;* in all of these plaintiff prevailed.

Plaintiff also prevailed resoundingly at trial.

Defendants moved for a new trial or a judgment notwithstanding the verdict. Plaintiff's counsel spent a total of 7 hours opposing that motion. Of this, 2 hours were billed by the first-year associate, the other 5 by the partner. Again the Court finds this to be appropriate, since the attorney who tried the case was most familiar with what had occurred at trial. Plaintiff was successful in defeating the motion for new trial or judgment N.O.V.

A total of 28.25 hours were billed for the attorney's fee application. Of these, 18 hours were billed by the first-year associate, the rest by the partner. The Court found this division of labor appropriate, especially since an important part of the application was the partner's declaration regarding his credentials and the degree of difficulty and novelty of the case. He was the one with the overview to describe the case most accurately.

After a detailed review of the hours billed and the division of labor, the Court agrees that EVANS' case was staffed with an eye to economy, that the number of hours was reasonable and that the partner made appropriate use of the junior associate and summer law clerk, to keep fees down.

## NOVELTY AND DIFFICULTY

EVANS did not use a multiplier in the fee application, despite the uniqueness of her case. No other published opinions address the issues decided by Judge Lynch, namely whether someone who never actually takes title to a car may be a "transferor" for purposes of the Federal Odometer Act.

The judge found that such a person may indeed be a "transferor" for purposes of

the Act. *See Evans v. Paradise Motors,* 721 F.Supp. 250 (N.D.Cal.1989).

A considerable number of the hours expended at trial were necessary because Defendants showed up in court with two lawyers. Before trial, PARADISE, LONG and SLACK had all been represented by one or the other of two attorneys who represented themselves as being from the same law office. At trial, however, PARADISE was represented by one attorney and LONG and SLACK were represented by another. No explanation was offered. Each lawyer for Defendants argued motions, made separate opening statements and arguments, and conducted separate direct and cross examinations of each witness, thereby extending the duration of the trial. *cf. Bayless,* 659 F.Supp. at 943 ("A substantial amount of the complexity in resolving this case stems from the sizeable amount of time plaintiff's attorneys had to devote to stubborn ... tactics by counsel for the defendants.")

The Court found that the tactics of defense counsel required more hours from the Court, the jury and counsel for EVANS.

## SKILL

All of EVANS' attorneys have outstanding credentials.

Teresa Carey, Esq., who filed the case and handled initial proceedings, has been a member of the California Bar since 1979. She has practiced in the area of general civil litigation with complete responsibility for handling cases since the early 1980's.

Gilbert R. Serota, Esq., who handled the case during settlement conference, pre-trial motions and trial, has thirteen years of trial experience. He is former editor of the Columbia Law Review, former law clerk for Honorable Walter R. Mansfield, United States Circuit Judge (2d Circuit), and former co-chair of the Federal Courts Committee of the Bar Association of San Francisco. He also served as a special Deputy District Attorney of the City and County of San Francisco. He is an Adjunct Professor of Law at Hastings College of the Law.

Serota joined the law firm of Orrick, Herrington & Sutcliffe in 1977 and was made a partner in 1983. He has specialized in civil litigation and has handled numerous trials, arbitrations, evidentiary hearings, law and motion proceedings, discovery proceedings, and related litigation matters.

Eve Saltman, who assisted with plaintiff's case, is a summa cum laude graduate of Georgetown University Law Center. Ms. Saltman was a summer clerk during the summer of 1989. She became a full-time associate on October 8, 1990 and is a member of the California bar.

Greg Tenhoff, who also assisted with plaintiff's case, was a summer clerk in the summer of 1990. He attends University of Southern California Law School and expects his J.D. in 1991.

Plaintiff's Exhibits show that the billing rate for Ms. Carey was $100 per hour. For Mr. Serota it was $270 per hour. For Ms. Saltman it was $110 per hour. For Mr. Tenhoff it was $75 per hour.

Ms. Carey billed and received from Evans for out-of-pocket costs a total of $96.68.

Out-of-pocket costs billed by the law firm totalled $610.55.

## PRECLUSION OF OTHER EMPLOYMENT

This was not a factor in this case.

## CUSTOMARY FEE

All attorneys have stated that the fees charged EVANS were the lowest regular fees charged to clients who paid for work as it was performed.

## FIXED OR CONTINGENT

All fees were fixed, not contingent on the outcome of the case.

## TIME LIMITATIONS

This factor was not applicable to this case.

1084

## AMOUNT INVOLVED; RESULTS OBTAINED

A "critical factor in the final determination of fee awards is the degree of success obtained." *Id.* at 945, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1987). Here, plaintiff's victory not only vindicated consumer rights, but contributed significantly to the body of law that consumers turn to in order to redress rights protected by federal legislation. The opinion by Judge Lynch denying summary judgment is a matter of first impression which has had and will have a great impact on the rights of consumers who sue under the Odometer Act. It makes clear that car dealerships cannot commit fraud and then avoid liability by aborting the sale once the consumer discovers the fraud. The National Consumer Law Center has cited this case in its volume on odometer fraud.

Most importantly, counsel obtained a jury verdict and damages of over $56,000 for a client who was defrauded by Defendants, prevailing on each count presented to the jury.

## EXPERIENCE, REPUTATION, ABILITY

All the attorneys involved in plaintiff's case were of above average experience, reputation and ability. Mr. Serota in particular is an outstanding practitioner, having a leadership role in the San Francisco legal community.

## UNDESIRABILITY OF CASE

The small amount of actual damages in this case might discourage an attorney from taking it on, if the fee award were to be limited because of the actual damages awarded.

While the amount of the total judgment, including punitive damages, in this matter was significant, public policy considerations require that fee awards do *not* need to be based on or limited by the amount obtained in a judgment. As the district court held in *Gimarc v. Neal*, 417 F.Supp. 129, 131 (D.S.C.1976):

If one is to take the matter of recovery as a measure, then first-class attorneys

will be discouraged from engaging in [odometer] litigation and the purpose and intent of Congress would be entirely aborted.

This case is a good example of how hard-ball tactics by the defendants could discourage odometer litigation, unless fee awards reflect the work involved. Here, defendants propounded interrogatories and requests for documents, filed a summary judgment motion, refused to make a settlement offer, and double-teamed plaintiff at trial. Given these tactics, plaintiff either had to give up a meritorious claim or ask counsel to prosecute it. She did the latter and secured a substantial judgment and a published opinion which serves to protect consumers' rights. Successful efforts such as this will be deterred if counsel cannot collect a reasonable fee.

## PROFESSIONAL RELATIONSHIP

This was not applicable in this case.

## AWARDS IN SIMILAR CASES

In *Bayless v. Irv Leopold Imports, Inc.*, 659 F.Supp. 942 (D.Oregon 1987), plaintiff received an award of attorney's fees of $8,500, in addition to damages of $3,954. The Court in that case found, "narrowly" for the plaintiff, and reduced the fee award from the requested $20,249.83.

The Court reduced the fee award by the amount expended on unsuccessful claims. The Court also found an unusually large amount of time expended on preparation and revision of the pretrial order. The Court also found duplication of trial preparation time. For instance, both attorneys involved in the case spent the entire day prior to trial in preparation, in addition to numerous earlier billings for trial preparation. The Court also found an excessive number of lengthy conferences between the plaintiff and her attorney.

The Court found that the legal questions in the case were not novel or difficult, although there were some close factual questions.

In determining whether the fees charged were customary, the Court looked to the fees charged by opposing counsel.

The Court allowed a somewhat higher fee schedule because the attorney took the case on a contingent fee basis.

The Court had found plaintiff's actual damages to be $1,318 and trebled them, to award $3,954.

In tying the fee award to the damage award the Court held that

where the recovery of private damages is the purpose of the litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.

*Id.* at 945, citing *City of Riverside v. Rivera,* 477 U.S. 561, 585, 106 S.Ct. 2686, 2700, 91 L.Ed.2d 466 (1986).

The Court also stated that an upward adjustment should be given to a particularly resourceful attorney who secures a substantial benefit for his client with a minimum of time invested and vice versa.

The Court in *Bayless* also provided an exhibit, (Exhibit A), listing odometer cases, with their damage awards and fee awards. In the majority of these cases, the fee award exceeded the damage award. In four of the twelve, the fee award was four times the damage award, or more. In four other cases, the fee award was less than the damage award.

There are two significant differences between *Bayless* and *Evans.* In *Bayless,* the plaintiff barely won, and her attorneys were inefficient. In *Evans,* the plaintiff won resoundingly, and her attorneys were efficient.

According to the criteria in *Bayless,* EVANS should receive an upward adjustment of her attorney's fees because she 1) succeeded decisively in all her claims and 2) employed her legal team efficiently.

### FEE REQUEST JUSTIFIED UNDER CAL CIV. CODE § 1717

#### Cal.Civ.Code § 1717

This code section provides that

In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees ...

Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract ...

Reasonable attorney's fees shall be fixed by the court and shall be an element of the costs of the suit.

Cal.Civ.Code § 1717 (West 1990)

Plaintiff sued for breach of the contract for purchase of the Alfa Romeo. The jury found in favor of the plaintiff on the contract claims and Magistrate Langford entered judgment for plaintiff on the breach of contract claim in the amount of three thousand dollars. Plaintiff EVANS is a "prevailing party" within the meaning of Section 1717. Thus, an award of attorney's fees is available to plaintiff under Section 1717.

One purpose of section 1717 is to "establish mutuality of remedy when a contractual provision makes recovery of attorney's fees available for only one party." *Reynolds Metals Co. v. Alperson,* 25 Cal.3d 124, 128, 158 Cal.Rptr. 1, 3, 599 P.2d 83, 85 (1979). A party requesting attorney's fees under section 1717 must establish that the opposing party would have been entitled to receive fees if that party had prevailed. *See Id.* at 128–9, 158 Cal.Rptr. at 3–4, 599 P.2d at 85–6.

The contract at issue in this case contains a provision stating that if the purchaser of the vehicle breached the contract she would be liable for attorney's fees. *See* paragraph E Purchase Order Agreement; Serota Decl., Exh. E. That provision, which expressly applied to the seller of the Alfa, is made a mutual remedy under section 1717. Moreover, "joinder of causes of action does not dilute the right of attorney's fees." *Bruckman v. Parliament Escrow Corp.,* 190 Cal.App.3d 1051, 1060, 235 Cal.Rptr. 813, 817 (1987).

In determining the amount of the award, the court may consider all the factors involved in the case, particularly the difficulty of the case and the degree of skill exercised. *See Id.* at 1063, 235 Cal.Rptr. at 819. As shown above, Plaintiff's successful opposition to Defendants' summary judgment motion resolved a novel issue of law. A substantial amount of time spent at pretrial and at the trial itself, went toward proving that Defendants' "Purchase Agreement" in fact evidenced a contract. Furthermore, it cannot be disputed that Plaintiff's attorney was skillful in all aspects of his presentation of Plaintiff's case, and that the jury found Defendants liable on the contract and for bad faith denial of the contract. All the factors discussed above support the award under section 1717.

## CONCLUSION

EVANS' attorneys should receive their requested fees.

They staffed the case economically, and billed for reasonable amounts of time for each segment of the case. They showed extraordinary skill in a case with novel legal issues and unusual defense tactics. They achieved an outstanding result. Their fees are concomitant with the results obtained and with the awards in similar cases.

For all the above reasons, an award of fees is justified and is hereby GRANTED, in its entirety.

SO ORDERED.